**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED

2014 AUG 18  PM 3: 26

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY

**SAFECO   INSURANCE   COMPANY   OF**
**INDIANA,**

            **Plaintiff,**

**-vs-**                                            **Case No.  A-14-CA-074-SS**

**CHARLES   GREGORY   and   CONNIE**
**GREGORY,**

            **Defendants.**

---

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Charles Gregory and Connie Gregory's Motion for Summary Judgment [#37], Plaintiff Safeco Insurance Company of Indiana's Response [#45], and the Gregorys' Reply [#47]; the Gregorys' Motion for Protective Order [#39], and Safeco's Response [#43]; and Safeco's Motion to Compel Discovery Responses and Depositions [#44], the Gregorys' Response [#48], and Safeco's Reply [#53]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders DENYING the motion for summary judgment, DENYING the motion for protective order, and GRANTING the motion to compel.

### Background

The Gregorys are the former owners of a property in Bastrop, Texas, insured by Safeco Policy Number OY06820075. The property was damaged by wildfires in 2011. On July 12, 2013, the Gregorys submitted to Safeco an estimate for repairs from public adjuster Steven Hadhazi,



requesting $77,155.27 under the policy.[1] Unbeknownst to Safeco, the Gregorys then sold the

property.[2] Safeco continued to process the Gregorys' claim. The parties disagreed over payment, so

Safeco invoked the policy's appraisal provision on October 1, 2013. The appraisal provision

provides:

> **Appraisal.** If you and we do not agree on the amount of the loss, including the
> amount of **actual cash value** or **replacement cost**, then, on the written demand of
> either, each shall select a competent and disinterested appraiser and notify the other
> of the appraiser selected within 20 days of such demand. The appraisers shall first
> select a competent and disinterested umpire; and failing for 15 days to agree upon
> such umpire, then, on request of you or the company, such umpire shall be selected
> by a judge of a court of record in the state in which the property covered is located.
> The appraisers shall then resolve the issues surrounding the loss, appraise the loss,
> stating separately the **actual cash value** or **replacement cost** of each item, and,
> failing to agree, shall submit their differences, only, to the umpire. An award in
> writing, so itemized, of any two of these three, when filed with the company shall
> determine the amount of loss.
>
> Each party will:
>
> **a.**    pay its own appraiser; and
>
> **b.**    bear the other expenses of the appraisal and umpire equally.

Pl.'s Resp. [#45-1], Ex. A (Safeco Policy), at 12–13.

The Gregorys objected to Safeco's invocation of the appraisal process, and expressly

"decline[d] to invoke appraisal for obvious reasons." *Id.* [#45-4], Ex. D. Notwithstanding their

objection, the Gregorys apparently appointed Hadhazi as their appraiser. The parties' appraisers

failed to agree on an umpire, and Safeco filed a petition to appoint an umpire in the 335th District

---

[1] As best the Court can tell, this was the first notice the Gregorys provided to Safeco of the property damage.

[2] The precise date of the sale is disputed. The Gregorys initially represented the property was sold "on or about September 30, 2014." Pl.'s Mot. Compel [#44-3], Ex. C. Safeco has located public records indicating the sale took place on September 10, 2013. Pl.'s Resp. [#45-7], Ex. G. The Gregorys now represent the property was sold "in 2013, two years after the date of loss but before Safeco demanded appraisal." Defs.' Brief [#38], at 4. Safeco has also claimed the date of sale is September 20, 2013. Pl.'s Resp. [#45], at 6.

Court of Bastrop County, Texas, on October 10, 2013. On October 21, 2013, and allegedly without any notice to Safeco, Hadhazi obtained an *ex parte* appointment of umpire Sylvia Garcia from the 430th District Court of Hidalgo County, Texas.

Safeco allegedly learned of the sale of the property on October 25, 2013, when Safeco attempted to serve its Bastrop County petition on the Gregorys and instead found the new owners at the property. By letter dated October 29, 2013, Safeco withdrew its demand for appraisal and requested documents regarding the Gregorys' sale of the property. The Gregorys did not respond. Safeco sent another letter to the Gregorys and umpire Garcia on November 20, 2013, reiterating its withdrawal from the appraisal process in October and again requesting documents from the Gregorys.

Despite Safeco's withdrawal from the process, Garcia and Hadhazi continued with the appraisal process. Over continued objections from Safeco, on January 22, 2014, Garcia entered a final appraisal award approving Hadhazi's estimate of $77,155.27 for repairs. Garcia's award also calculated an actual cash value award of $73,292.46, and awarded $12,000 in living expenses, for a total actual cash value award of $85,292.46.

Safeco filed this lawsuit on January 24, 2014, seeking a declaratory judgment the appraisal award is unenforceable in light of Safeco's withdrawal of its appraisal request, and alleging the Gregorys lack any insurable interest in the property. The Gregorys counterclaimed for enforcement of the actual cash value appraisal award. The Gregorys have now moved for summary judgment, arguing Safeco could not withdraw its appraisal request over their objection and asserting the Gregorys have an insurable interest in the property as a matter of law.

## Analysis

### I.     Discovery Motions

The Gregorys have refused to sit for depositions in this case, and similarly refused to answer written discovery regarding the details of their undisclosed sale of the property. They maintain they simply have no relevant knowledge and will not provide any information other than the date of sale.[3] The validity of the appraisal process conducted in this case may turn, at least in part, on the details the Gregorys refuse to disclose regarding the sale of the property prior to Safeco's appraisal. Additionally, the Gregorys have filed a counterclaim in this matter seeking to enforce the appraisal award and recover the full amount awarded by the umpire and the Gregorys' appraiser. Safeco is entitled to discover from the Gregorys more information about the circumstances of the sale, including, for example, whether the Gregorys made any repairs to the property prior to or as a condition of the sale, or whether the buyers were informed of the alleged smoke damage. The Gregorys have failed to show "good cause" for prohibiting Safeco from deposing them as Defendants and Counter-Plaintiffs in this lawsuit.[4] *See* FED. R. CIV. P. 26(c)(1). The Court therefore DENIES the Gregorys' motion for protective order, and further GRANTS Safeco's motion to compel the Gregorys to both respond to written discovery and sit for depositions at the request of Safeco.

---

[3] This view is based, at least in part, on the Gregorys' belief the "sole issue" in this case is "whether the Gregorys have an insurable interest in this property." Defs.' Mot. Prot. Ord. [#39], at 4. While that is *an* issue in the case, it is not the sole issue.

[4] The Gregorys also complain it would be "unduly burdensome" and "expensive" to travel to Austin for their depositions, as they now live in New Mexico. However, counsel for Safeco offered to depose them in New Mexico as a courtesy. *See* Pl.'s Resp. [#43-4], Ex. D. The Gregorys still declined. It is apparent the Gregorys' concerns are less about burden and expense and more about gamesmanship, and the Court will therefore order them to appear for deposition in Austin, Texas, where this lawsuit is pending.

## II.   Motion for Summary Judgment

## A.   Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence

-5-

supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

**B.    Application**

The Gregorys first argue Safeco could not unilaterally withdraw its request for appraisal over the Gregorys' objection. The only authority the Gregorys cite for this proposition is *Michels v. Safeco Ins. Co. of Ind.*, No. 1:12-CV-511-SS (W.D. Tex. Mar. 13, 2013), *aff'd*, 544 F. App'x 535 (5th Cir. 2013). The *Michels* case involved an identical appraisal clause in a different Safeco policy. *Id.* at 2. It was Michels who first invoked the appraisal provision, and both parties selected an appraiser and the appraisers selected an umpire. *Id.* Michels then unilaterally rescinded his appraisal demand. *Id.* In response, Safeco made an appraisal demand of its own, restarting the process. *Id.* at 2–3. The parties again appointed appraisers, with Michels changing his original choice and selecting Hadhazi. *Id.* at 3. When Hadhazi and Safeco's appraiser failed to agree on an umpire, Safeco filed suit in this Court seeking appointment of an umpire. *Id.* Neither party challenged Michels's authority to withdraw his initial appraisal demand, and the issue never arose in either this Court's order or the Fifth Circuit's opinion affirming that order.

The rule the Gregorys derive from *Michels* is made up out of whole cloth, and is directly contrary to the facts of the case. Even if the rule the Gregorys have crafted did exist, it would offer them no recourse on this record because there is no evidence the Gregorys lodged any objection to Safeco's withdrawal of its appraisal demand. The Gregorys appear to have ceased all communication with Safeco once they sold the property. The Gregorys are not entitled to summary judgment on the ground Safeco could not withdraw its appraisal demand.

The Gregorys also argue summary judgment is appropriate because they have an insurable interest in the property as a matter of law. Safeco argues the Gregorys' insurable interest was extinguished by the sale of the property. "A policy of property insurance is a personal contract for indemnity for the insurable interest possessed by the insured *at the time of the issuance of the policy, and also at the time of the loss.*" *Highlands Ins. Co. v. City of Galveston*, 721 S.W.2d 469, 471 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (emphasis added); *see also Smith v. Eagle Star Ins. Co.*, 370 S.W.3d 448, 450 (Tex. 1963) (noting an insurable interest exists where the insured "would sustain pecuniary loss from [the property's] destruction" (internal quotation marks omitted)).

There appears to be no dispute the Gregorys possessed an insurable interest in the property at the time the policy was issued in 2011, at the time the loss occurred in 2011, and at the time the claim was made in July 2013. The Gregorys certainly would have sustained a pecuniary loss from the property's destruction at all three of those times. The later sale of the house is irrelevant to the existence of the Gregorys' insurable interest in the property at the time they made their claim. But that does not end the inquiry. The sale is highly relevant to the Gregorys' ability to recover the actual cash value they seek by way of their counterclaim. The purpose of an insurance policy is to indemnify the property owner and place him in the position he would have been in had the loss not

occurred; it is not intended to provide a windfall to an owner who suffered no loss, or suffered less of a loss than claimed. *See Paramount Fire Ins. Co. v. Aetna Cas. & Sur. Co.*, 353 S.W.2d 841, 844 (Tex. 1962). If the Gregorys sold the property without disclosing any smoke damage from the 2011 wildfires, they may not have realized any loss to the actual cash value of their property. If they made repairs as part of the sale, or lowered the price to reflect the smoke damage, those amounts may more accurately reflect their actual loss. The existence of an insurable interest at the time the claim was made is therefore not dispositive of the issues raised in this case, and does not entitle the Gregorys to summary judgment.

## Conclusion

Accordingly,

IT IS ORDERED that Defendants Charles Gregory and Connie Gregory's Motion for Summary Judgment [#37] is DENIED;

IT IS FURTHER ORDERED that the Gregorys' Motion for Protective Order [#39] is DENIED;

IT IS FURTHER ORDERED that Safeco's Motion to Compel Discovery Responses and Depositions [#44] is GRANTED;

IT IS FURTHER ORDERED that the Gregorys shall provide verified responses to Safeco's interrogatories numbered 1 through 5 and produce documents responsive to Safeco's request for production number 1 within TEN DAYS of entry of this order;

IT IS FINALLY ORDERED that the Gregorys shall appear for deposition in Austin, Texas, on a date and at a time and place agreed to by the parties within TWENTY-ONE DAYS of entry of this order.

SIGNED this the _18th_ day of August 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE